Good morning. We'll wait to get everyone situated. Are we ready? All right. Good morning. Good morning, Your Honors. Anthony Dane, appearing for Appellant Liu. And just so you know, the title Liu is the last name, so I'm not using his first name as an insult. I'm sure I massacred the pronunciations here. I'm sorry. No problem. May it please the Court, Your Honors, after doing an exhaustive research on pretty much every case that addressed this issue, from Burnham to even the follow-up case in the Supreme Court of Mallory v. New York, to every federal appellate case, district court case, there is only one result with respect to what's been known as tag jurisdiction, sometimes pejoratively referred to as slap service jurisdiction or transitory jurisdiction. And that is that personal service is required to confer jurisdiction on the court for a non-resident. Non-resident or a non-citizen? You can draw that even farther. I think it's even stronger for a non-citizen, but including a non-resident. Didn't the district court find that Mr. Liu had been residing at that house for two years? No. What the district court found is he didn't deny in a declaration, he didn't deny that he was residing at the house. And by the way, residing is a very vague and loose term. It doesn't mean you're a resident. But there is a distinction. You can't, you know, the corollary or the flip side of the coin can't be that simply because you didn't deny being a resident, that means you are a resident. And in fact, it was accepted by the district court that he was a non-resident. It was argued that way. Again, a non-resident or a non-citizen? Where does the district court say he was not residing at that house? The district court adopted what the respondent, and in that case complainant's argument was, is they were residing or living at the Santa Fe house, but their primary residence was in China. There's definitely no argument that he's a non-citizen. That's absolute. Well, and apparently the other side isn't saying, they're saying he was domiciled in China. But the problem that I want to discuss with you that I see in here is while I might agree with you that this goes further than Burnham, but the record establishes that your client received, it appears, actual notice of this action. But for practical purposes, what difference does it make whether service was hand-delivered or was instead completed through mail, email, and delivery to an individual who self-identified as a co-tenant? Because we're, you know, obviously when we talk about hauling people into court, we do care about due process. We want to make sure that people aren't, you know, that there aren't defaults against them because let's just say this had been at a motel, all right, and they gave the substitute service to the person at the desk. And there was, but here there was evidence he'd been living there for, what, two years that his wife owned the place? That, you know, there's a lot of things that certainly make it look like your client knew exactly, he knew the court proceedings were going on. No, and here's exactly what's done. No, I'm not feeling sorry for him that way. I'm not feeling like he didn't, he, I guess, that he didn't know about it. Now, and that's the critical point that Summers addressed. Because you'd be in this Hobson, well, I'm not even sure if it's a Hobson's choice or Whipsaw. At any point when a defendant or a respondent challenges jurisdiction, you can't argue that they must have received notice because they're bringing an attorney into court to challenge jurisdiction. So you're in this position of. It's just that sometimes if the defendant's not within the territory of the sovereign, whose courts he's being held into, notice isn't enough. But here, Mr. Liu was in the territory of the Southern District of California, California, and more importantly, the United States. No, so this is where the facts are important in this case. His wife was sued as well. She wasn't part of this arbitration proceeding, and that's why she was ultimately dismissed. His wife was sued as well, and she did receive notice. There's no evidence as to how Mr. Liu ultimately got that notice, but his wife was served. And, I mean, we were retained to represent his wife. Ultimately, there was evidence brought by the process server that he was served through this other means. So we bring a motion to dismiss for lack of personal jurisdiction. We have to make sure we don't conflate two things. When we're talking about minimum contacts, it doesn't matter about physical presence because you're deemed to have the minimum contacts. That's the question. Are you making an insufficient service of process argument or just a due process argument? Just a due process argument? It's a due process argument. It's a lack of personal jurisdiction, but here's the key. I'd like to – you've had a lot of opportunity to speak. Let me just ask you a couple of questions. So in Burnham, the plurality opinion says, among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a state have jurisdiction over non-residents who are physically present in the state. The other Justice Brennan's concurrence, I agree with Justice Scalia that the due process clause of the 14th Amendment generally permits a state court to exercise jurisdiction over a defendant if he is served with process while voluntarily present in the forum state. And there's so many Ninth Circuit cases, Barasa, Waterwheel Camp, so many that talk about if a non-resident is voluntarily present in the state, it does not offend fair play and notions of justice to exercise personal jurisdiction over that person. You're not really – I actually think the due process part of your argument is weak compared to the body of case law that we have. And – well, I hate to use respectfully because I've heard so many times. Because it doesn't really mean that. Exactly. So just directly, Your Honor, you're not reading far enough. What the court is saying in that case is the physical presence can be sufficient to hail you into court, but you're not looking far enough in both the lead opinion by Justice Scalia and in the opinion by Justice Stewart. And I'll go through them. This is what they say. Burnham clearly endorses the validity of jurisdiction via personal service. That was a follow-up. And that's also from the Moore's federal practice. But Justice Scalia specifically used the term later on, personal service. So the point is, yeah, physical presence can be enough to hail you into court if you're personally served because that's the key that gets you the notice, the actual notice. What's the purpose of that requirement? It's ensuring the defendant has actual notice that they've been sued and hailed into that forum's court. As Justice Stevens said, indisputable, indisputable that he has personal actual notice that he's being hailed in. Well, isn't that weird? It does seem indisputable that he knows. No, at some later point, every defendant will know because otherwise you can't challenge jurisdiction. You can always challenge personal jurisdiction in a collateral attack. When a final judgment is sought to be enforced in another forum, the judgment debtor in that forum can challenge personal jurisdiction and say, I did not have actual notice in the first proceeding. You can. But the client appeared in the proceeding. You can, but that's not the requirement that you wait until there's an entry of a judgment or you wait until there's an entry of an order and then you challenge it. There are multiple cases. I mean, I went through them. You're right that any time a defendant attacks personal jurisdiction, he will have had actual notice of the suit. And I'm saying that's not true, right, because you can attack personal jurisdiction collaterally. But even collaterally, you have to know that there's a suit. You have to know at some point you've been sued because there's a suit and there's a judgment. Collateral attack doesn't mean at some point you aren't aware that you had been sued. So this is what Burnham requires. The Supreme Court held a due process clause does not prohibit the California courts from exercising jurisdiction over a petitioner based on the fact of in-State service of process. They say in-State service of process. They don't say personal has to be personal service. I'm going to disagree with you there that the Supreme Court said only personal service suffices for due process. Is that your position, that only personal service suffices for due process? A hundred percent under Burnham because later, that's why I'm saying you're not reading later, where in justifying what you just said, Scalia said historically personal service. Justice Stevens said personal service. A plurality decision, that's all they agreed on is personal service. And listen to what Justice Gorsuch said in Mallory v. Norfolk in 2023. Traditional tag rule holding that individuals physically served in the State are subject to suit theory. He didn't say physically present. And when I went through all of the cases, if you look at the terror case, that judge said it directly. Tag jurisdiction requires actual personal service. Not could have been, not would have been. Actual personal service. Every single appellate court case says personal service is required. Think about it. Just do the thought experiment on why this is entangled. When you have minimum contacts, the key isn't the personal service. The key is the contacts into the State. When a person steps into the State having no connection with what the lawsuit was for which you're seeking to hold them liable, the only tie to the personal jurisdiction is that personal service. And there can be no denial that in every case that follows that addressed it. You say that the only tie is the person's physical presence in the State. That's what creates personal jurisdiction. The physical presence because in this case there's no question this is a Chinese arbitration. It has nothing to do with activity in California. And the fact that they brought the suit against the wife as well is because she has property here. And they're moving to collect on that property. Well, and it seems to be that if you looked at it on the outside, and I'm sure they're going to say otherwise, because it went to China, to Singapore, and now they know he's living here for two years in a house that the wife owns, and he hasn't paid off his, I don't know, billion yen or I don't know how much it's several million dollar judgment it sounds like. I don't know exactly how the numbers equate. That he's just trying to hide out here and doesn't, but here there's property where they can actually get their judgment. His wife's property. She was dismissed from the case, by the way, because she wasn't part of this in trying to attach her property. The court wouldn't go that far. Let me just find out. You're running out of time. I'm assuming you want a little bit of rebuttal time. I do. Okay. Could I just ask, so you're not making any sufficiency of process claims here, correct? Because we didn't file a 12B5 motion. You didn't file a 12B5 motion, correct? We did. Yeah, that's right. It's the only argument due process. I'm just trying to get a sense of the scope of your argument. No, you're right, because they're entangled. Because under TAG jurisdiction, the service is what's critical, and that was raised by the appellant in their opposition. That's why we addressed the personal service. You raised a 12B5 motion. Correct, but the court addressed it. So we don't have to address the Federal Arbitration Act. We don't have to address Federal Rules of Sealable Procedure. Most of your arguments seem to be focused on sufficiency of process. Sufficiency of process as being the sine qua non for TAG jurisdiction, yes, you're right. Yes. We can talk further at rebuttal. Thank you. Okay. Okay, so I'll give you two minutes for rebuttal. Good morning. Good morning. Good morning, Your Honors. May it please the court, Lina Streisand on behalf of the petitioner. I want to keep your voice up a little. Yes. Lina Streisand on behalf of the petitioner and Appellee Shenzhen Zerweijen Investment Center, who I will just refer to as CISIC. So you might want to jump to, just because we've sort of framed this, and I know you were sitting over there listening. I saw that. Burnham deals only with personal service and not other methods of substitute service like those at issue in this case. Are you aware of any case law that holds that substitute service is sufficient to establish transient personal jurisdiction? Your Honor, while there is not a specific case, we actually believe that's not the question here. As Your Honor noted during Mr. Dane's argument, Mr. Liu was present in the forum and has been since 2022. That's what the district court found. The district court specifically found that he is not an out-of-state defendant. That's on ER 23. And for that reason, transient jurisdiction is not necessary here. Burnham stands for the principle that physical presence in the jurisdiction is sufficient alone for personal jurisdiction. But you didn't argue below that he was domiciled here and that the district court could find general jurisdiction. And it seems like you're making that argument now. Is that right? Yes, Your Honor. We did not argue below for general jurisdiction. But we did state that he is present in the forum. And the district court found that he has been physically present in the forum since 2022. And Mr. Dane has not presented anything in his papers or today stating that that's a clue, any evidence that would overcome the evidence in the record that the district court cited in its opinion. Well, I'm understanding him. You heard how he reads Burnham. And he's saying in Burnham under the tag jurisdiction that it must be personal service. How are you reading Burnham? Yes, Your Honor. So Burnham specifically states that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of traditional notions of fair play and substantial justice. While Burnham, while the defendant in Burnham was personally served, the court never actually reaches the question as whether there is personal jurisdiction or based on the fact that he was personally served or served otherwise. That's just not, that's not a question here. And regardless, there's. The facts of Burnham might be focused on personal service, but there's certainly a holding in there that in-state service is sufficient so long as the defendant is physically present in the state. So then we just need to clarify what in-state service means. Correct. And I think Rule 4 sets that forth, sets forth what in-state service means. It doesn't necessarily mean that there was personal service where you have a. Well, I'm curious why you say Rule 4. Do you disagree that the test stems from the due process clause and not from the federal rules of civil procedure? I don't disagree. I think that there is, when you have a non-resident defendant, there's a different analysis. That's not the analysis here. The analysis here. Federal rules of civil procedure were enacted in the 1900s, but the personal jurisdiction existed before that, right? So the test for whether the service while you were in the territory is sufficient has got to be a constitutional test, right? Correct. And as Justice Scalia said in Burnham, that test is physical presence in the forum. And the Supreme Court in Jay McIntyre Machinery v. Necastro, which came after Burnham, also stated that presence within the state at the time the suit commences through service of process constitutes explicit consent to jurisdiction. Do you think the constitutional test for the adequacy of service on a physically present person requires that the service actually achieve notice or just be fairly and reasonably calculated to achieve notice? So I think it must substantially comply with the rules and it must also provide service, provide notice. Here notice wasn't an issue. Rules and then actually achieve notice? No, it just must give enough. There must be fair, plain, reasonable basis. Well, there can be situations where there isn't actual notice and those mechanisms have, you know, someone could come in and say, I didn't read my email. I didn't, you know, I didn't talk to this person, any number of things. Those aren't the facts here. But when you ask us to come up with a rule, if we're going to publish, we don't want to yank people into court that, I mean, I think what my colleague here is saying, that is actual notice an important component of this? Your Honor, I don't think it's necessary under the rules. It has to be reasonably calculated to provide notice. There was no. So making it fact-dependent? What if he was living in a motel for God only knows how long and they did the substitute service on the person at the front desk? So would that be adequate? I think it would be a fact-dependent situation. Here, for instance. Well, but when you ask, if you're going to have a rule, then we apply rules. And so I'm kind of thinking that would be a different situation. So I don't want to have a rule that drags a person, that you can serve someone who stays in a motel for a couple of days and you can serve the person at the front desk. Right. Understood, Your Honor. And actually, our position is that it's not necessary for the court to state a new rule today. This is the rule in Burnham. This is the rule from Pennoyer over 100 years of precedent. And as Mr. Daines stated in his brief, he cited many cases that reiterate this point, that physical presence in the forum is sufficient. So you're contending you're not pushing Burnham a little further? I'm sorry. You don't have personal service.  So Burnham only says otherwise in-state service on someone who is physically present in the forum is satisfactory for due process. But it doesn't define in-state service. Correct. So how are you defining in-state service? Understood. So we are defining in-state service as service according to the rules of due process, and that would be the first prong. That would be the physical presence. And then in-state service would be service in compliance with either the federal rules or California Civil Procedure Rule 415.20, which provides for substitute service. All of those methods of service would provide or would reasonably provide notice. And here Mr. Liu had notice of the proceedings, and he also participated fully in the proceedings. This is not a situation where there was a default judgment. He was represented and participated in the proceedings below. So is what going on here is like there was an arbitration that's in China that you tried to enforce it there, you tried to enforce it. You have an enforceable judgment in Singapore, and now he's here and you want to enforce it here because he's got, in your view, property here because you want to get your money? Is that what's going on here? Yes, essentially. And is the property here the house? That is one of the assets, I believe, yes. So how much was this judgment for in terms of the, I don't know, when you translated into dollars? Yes, I think the record states it was around $30 million. I don't know the exact exchange rate now, but it was a significant multimillion dollar figure, tens of millions of dollars, I believe. Okay. All right. Unless there are any further questions, I think I will build my time. Okay. Thank you. All right, Mr. Dane, you have two minutes for rebuttal. I see Justice Judge Koh looking at me very skeptically. So I do want to address one of the issues, and I don't want to hammer on it, but in every court that has looked at what Burnham has said, it's stated that it requires physical service. So let me just please read three. The U.S. Supreme Court. It requires physical service. Do you mean physical presence, personal service? No, physical service means personal service, not presence. Okay. So, again, I said just recently in 2023, the U.S. Supreme Court in Mallory, it wasn't just Judge Gorsuch who said traditional tag rule holding that individuals physically served are subject to suit there. In her dissent to the majority on another issue, Justice Barrett explained tag jurisdiction as personal service upon a defendant physically present in the forum state. The Ninth Circuit held personal jurisdiction over a defendant may be acquired in one of two ways, by personal service of that defendant or by means of defendant's minimum contacts. In that context, doesn't personal service, the word personal there is being used to signify that the person of the defendant is in the territory when he served. It's a code for presence, right? No. Physical presence is a separate thing. Personal service is physically handing it to the defendant. Now, what do you do with the language from International Shoe that historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence, his presence within the territorial jurisdiction of the court was prerequisite to its rendition of a judgment personally binding him. That's one of the two prongs, and that's the point that even Burnham was decided on. You have the physical presence because you don't have minimum contacts, but you need the second element. That's the point. It's not going far enough. That's just saying, and that's what the district court, I think, conflated or confused is a better term, that he said, yes, he's physically present, and there are cases that say you can achieve that with physical presence, but you have to do it with personal service. But isn't that just, I mean, hasn't the Supreme Court recognized in other contexts that modes of service beyond handing a summons to someone can comply with due process? Are you familiar with the case about the person living in a housing project and a notice was mailed to the person's door, and the Supreme Court said, that's not good enough. That's kind of akin to Judge Callahan's example of leaving it with the hotel clerk. But what's better is mailing it to the person because at that time, the 20th century, we have reliable mails that we didn't have at the time of the founding. Why doesn't that principle apply here? Again, you still have to address the minimum contacts. You still have to address the other issues. In this case, the only connection, the only connection is physical presence, and that is whether you step over the line and you are in the state. We can't confuse the two. When we're talking about minimum contacts, personal service isn't the key there because you have already acceded to the benefits of that state. So you can be substituted service because you're deemed to already know you acceded to the benefits of the state. Do you have any additional questions, Judge Koh? No, thank you. All right. Oh, I have. I'm sorry. I apologize. Thank you so much, Your Honors. So this matter will now stand submitted. Thank you both for your helpful argument, and this matter will stand submitted. Thank you so much.
judges: CALLAHAN, KOH, Barker